

Richard A. Zimmerman, Esq.
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
Richard A. Zimmerman (RZ 0963)
(212) 962-1818
Patrick C. Crilley (PC 9057)
*Of Counsel*
(212) 619-1919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| SEALINK SHIPPING COMPANY LIMITED, | ECF CASE |
| Plaintiff, | 07 Civ 0452 (RWS) |
| -against- | |
| GLORIOUS STATE FAREAST LIMITED, a/k/a GSL HK, | **VERIFIED COMPLAINT** |
| Defendant. | |

------------------------------------------------------------x

Plaintiff, SEALINK SHIPPING COMPANY LIMITED ("Sealink"), by its attorneys, Richard A. Zimmerman, Esq., and Patrick C. Crilley, Esq., of counsel, complaining of the Defendant, GLORIOUS STATE FAREAST LIMITED, also known as GSL HK ("GSL"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333, as hereafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of a foreign jurisdiction.

3. Plaintiff Sealink was, at all material times, the disponent owner of the motor vessel "YICK ZAO" (the "Vessel").

4. At all material times, Defendant GSL was, and still is, a foreign corporation or other business entity organized and existing under the established laws of Hong Kong, maintaining offices at the address Room 1901, Ocean Building, 80 Shanghai Street, Kowloon, Hong Kong.

5. Defendant GSL was, at all material times, the charterer of the Vessel.

6. On or about December 21, 2007, Plaintiff Sealink, as disponent owner, entered into a contract of charter party with Defendant GSL, as charterer, for the time charter of the Vessel, for one 3-5 months period, delivery on dropping last outbound sea pilot Jingtang Port, China any time between the dates of December 25, 2007 and Jan. 5th, 2008.

7. Under the terms of the Charter Party, Defendant GSL was obligated, among other things, to pay daily time charter hire at the rate of $47,500.00 per day pro rata for time while the Vessel was at the disposal of the Charter GSL. This hire was to be paid in 15 day increments, in advance commencing on the delivery date of the Vessel.

8. The Vessel delivered onto GSL's time charter service on December 30, 2007 and was ordered by GSL to proceed to the first load port, Lianyungang, China where the Vessel commenced loading GSL's intended first cargo. The first 15 days charter hire were due as of December 30, 2007.

9. In the event, Defendant GSL failed to make the required hire payment and, on January 8, 2008, with the hire still not received, and after due notice to GSL, Sealink withdrew the Vessel from GSL's time charter under the terms of the Charter Party.

10. As a result of Defendant GSL's breach and/or failure to make timely payment of charter hire due, GSL has breached the charter party contract and Plaintiff has been forced to find alternative employment for the vessel.

11. Before Plaintiff can find such alternative employment, however, Plaintiff must arrange for the discharge of the cargo already loaded upon the Vessel by GSL. Approximately 30,000 metric tonnes of cargo must be discharged back ashore at Lianyungang.

12. In discharging this cargo back ashore, Plaintiff will incur additional port charges, discharging charges and delays to the vessel currently estimated at approximately 14 days.

13. Plaintiff presently estimates the additional port charges and discharge expenses will result in damages of approximately $150,000.00.

14. Plaintiff presently estimates that the approximately 14 days delay to the Vessel will result in damages of approximately $700,000.00.

15. After completion of the discharge of cargo, the best alternative employment which Plaintiff can presently anticipate for the Vessel is at a much lower time charter hire rate and/or freight rate which will result in a lower time charter equivalent rate for the period of time, approximately 80 additional days, during which the Vessel should have been more gainfully employed under the Charter Party with Defendant GSL.

16. As a result of Defendant GSL's aforesaid breach of the Charter Party contract, Plaintiff Sealink will suffer additional damages in the form of lost charter hire estimated to be not less than $25,000.00 per day for said 80 days period equivalent to $2,000,000.

17. Defendant GSL is also liable for the payment of hire during the period from when the Vessel delivered onto its service on January 30, 2007 until the Vessel was withdrawn

on January 8, 2008, a period of net duration 8.461806 days at $47,500.00 per day for a total of $401,935.79, less a 5% address commission due GSL, for a net total of $381,838.97.

18. The terms of the charter party contract with Defendant GSL also called for the supply and payment, by GSL, of the fuel oil and marine diesel oil consumed by the Vessel during its employment under GSL. The vessel has consumed or will consume, from the date of delivery, through the date of completion of the discharge of the cargo at Lianyungang, fuel oil and marine diesel oil valued at approximately $58,950.00 which must be paid for by Defendant GSL.

19. The terms of the charter party contract with Defendant GSL also called for the payment, by GSL, of $1,500.00 per month for communications, entertainment and victualling ("C/V/E Charges"). There is owed by GSL, on a pro rata basis, $423.09 for the initial 8 day period when the Vessel was on GSL's service.

20. Plaintiff Sealink has fulfilled its obligations under the Charter Party.

21. As a result of the Defendant's breach, Plaintiff has and will continue to suffer losses in the total principal sum of not less than $3,291,212.06, exclusive of interest, costs and reasonable attorneys' fees.

22. There remains owing or to be owing to Plaintiff Sealink the sum of $3,291,212.06 from the Defendant, which Defendant has failed to pay when duly demanded.

23. The Charter Party contains an agreement to arbitrate disputes in London under English law.

24. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim. Therefore, arbitration has commenced, or will soon commence, in

London, and Plaintiff reserves its right to pursue all of the remedies to which it is entitled in that arbitration.

25. Costs and attorney's fees are routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such costs and attorneys' fees related to the London arbitration will be approximately $100,000.00.

26. Interest is routinely awarded to the prevailing party in arbitration proceedings guided by English law. As best can now be determined, Plaintiff estimates that such such interest will be approximately $822,803.02 which is 25% of Plaintiffs Sub-Total of Damages.

27. As a result of Defendant's aforesaid breach of its obligations under the Charter Party, Plaintiff now estimates that it has been or will soon be damaged in the following amounts:

| | |
|---|---:|
| a) Net Charter Hire for the period Dec. 30 – Jan. 8, 2008 | $ 381,838.97 |
| b) Charter Hire and incidentals during the period of discharge of cargo at Lianyungang estimated at $50,000 for 14 days. | $ 700,000.00 |
| c) Loss on further trading for the remaining period of the GSL charter, $25,000 for 80 days. | $2,000,000.00 |
| d) Additional Port charges, and discharging expenses at Lianyungang. | $ 150,000.00 |
| e) Costs of Fuel Oil and Diesel Oil | $ 58,950.00 |
| f) C/V/E Charges | $ 423.09 |
| Sub-Total of Damages | $3,291,212.06 |
| g) Costs of prosecuting Plaintiff's arbitration proceedings against Defendant in London | $ 100,000.00 |
| h) Interest, costs and recoverable fees up to the point of obtaining a judgment in this action, calculated as as 25% of the Sub-Total of Damages | $ 822,803.02 |
| Total anticipated damages     - | $4,214,015.08 |

28. On or about January 15, 2008, after demand from Plaintiff, GSL paid or caused to be paid, the amount $1,771,400.00 which Plaintiff has received and which Plaintiff has notified Defendant GSL it will retain as partial security for Plaintiffs claims against GSL. Plaintiff therefore seeks to attach in this action the total amount of $2,442,615.08 against its total claims of $4,214,015.08.

29. Upon information and belief, and after investigation, Defendant GSL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia* cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter "Assets"), including but not limited to Assets at or moving through banking institutions including but not limited to The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, BNP Paribas, Bangue Cantonale de Geneve, and/or Commerce Bank.

30. Based upon the foregoing, therefore, the total sum of Assets sought to be restrained belonging to Defendant in this action is $2,442,615.08 which is the difference between the estimated total of Plaintiff's claim against GSL, $4,214,015.08, less the amount $1,771,400.00 already received and being held as security by Plaintiff.

WHEREFORE, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged.

2. That if the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure and the United States Arbitration Act, 9 U.S.C. § 8, attaching all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, Citibank N.A., HSBC Bank USA, N.A., JPMorgan Chase, UBS AG, Bank Of America, N.A., Standard Chartered Bank, Northern Trust Corporation, American Express Bank, Credit Suisse First Boston, Nordea Bank Denmark, Nordea Bank Finland PLC, Belgolaise Bank, Australia and New Zealand Banking Group Ltd., ANZ (Delaware) Inc., Fortis Financial Services LLC, Fortis (USA) Financial LLC, Calyon Corporate and Investment Bank, Deutsche Bank, the Bank of China, Danske Bank, Barclays Bank, Bangue Cantonale de Geneve, BNP Paribas, and/or Commerce Bank up to and including the amount of $2,442,615.08 to secure the

Plaintiff's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged.

3. That Plaintiff may have judgment for its claims as aforesaid in the total amount of $4,214,015.08.

4. That in the event the Writ of Attachment issued herein restrains the property of the defendant found within this district and

    i) notice has been properly served upon the defendant in the manner required by Rule B(2) of the F.R.C.P. Supplemental Rules for Admiralty or Maritime Claims and Rule B(2) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York; and

    ii) the defendant fails to appear before this Court; and

    iii) upon application of plaintiff,

default judgment be granted to plaintiff in the amount of provable damages limited to the extent of the property subjected to the process of maritime attachment.

5. That in the event defendant appears in the action following such maritime attachment and garnishment, and upon the application of a party, the Court stay further proceedings pending the issuance of an arbitration award, and retain jurisdiction for the purpose of entering judgment on the award against the property subjected to the process of maritime attachment.

6. That Plaintiff may have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
January 16, 2008

Patrick C. Crilley (PC 9057)
Of Counsel to
Richard A. Zimmerman (RZ 0963)
Attorney for Plaintiff
233 Broadway – Suite 2202
New York, NY 10279
(212) 619-1919

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

Patrick C. Crilley verifies the following:

1. I am an attorney and acting as such "of counsel" to Richard A. Zimmerman, the attorney for the Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 USC §1746, and the Local Rules of the United States District Court for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason that this Verification is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors is within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 16th day of January, 2008.

Patrick C. Crilley
233 Broadway - Suite 2202
New York, New York 10279
(212) 619-1919